UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-cv-21308-BLOOM/Otazo-Reyes

ARLENE FIGUEROA LOPEZ,

    Plaintiff,

v.

CARNIVAL CORPORATION,
*doing business as* Carnival Cruise Line,

    Defendant.

_____/

## ORDER ON MOTION TO DISMISS PLAINTIFF'S COMPLAINT

**THIS CAUSE** is before the Court upon Defendant Carnival Corporation's Motion to Dismiss Plaintiff's Complaint, ECF No. [8] ("Motion"). Plaintiff Arlene Figueroa Lopez filed a Response, ECF No. [13] ("Response"), to which Defendant filed a Reply, ECF No. [18] ("Reply"). The Court has carefully considered the Motion, all opposing and supporting materials, the record in this case and the applicable law, and is otherwise fully advised. For the reasons that follow, the Motion is denied.

**I.**    **BACKGROUND**

This case arises as a result of injuries Plaintiff sustained while aboard Defendant's ship, *Carnival Miracle*. In August 2019, Plaintiff was a passenger on the *Carnival Miracle* with her boyfriend. ECF No. [1] ("Complaint") ¶ 12. When headed back to her cabin with her boyfriend, her foot got caught on a loose or defective metal plate while descending a staircase, causing her to trip and fall down the stairs between Deck 3 and Deck 2. *Id*. ¶ 13. Plaintiff alleges that earlier in the day, Carnival crew members were in the area performing repairs on the staircase and the staircase was closed during that time. *Id*. ¶ 15. In addition, Plaintiff alleges that Carnival has a refurbishing

team that constantly checks the ship for items requiring repair, and it is Carnival's policy that crew members identify items requiring attention or repair as part of their job duties. *Id*. ¶¶ 24, 26.

As a result of Plaintiff's fall, Plaintiff asserts three claims against Defendant: (1) negligent failure to warn (Count I); negligent failure to maintain (Count II); and general negligence (Count III). *See* ECF No. [1]. In the Motion, Defendant seeks dismissal of the Complaint for failure to state claims pursuant to Rule 12(b)(6) and Rule 8 of the Federal Rules of Civil Procedure.

## II.   LEGAL STANDARD

A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Additionally, a complaint may not rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678, 129 S. Ct. 1937 (quoting *Twombly*, 550 U.S. at 557, 127 S. Ct. 1955). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555, 127 S. Ct. 1955. If the allegations satisfy the elements of the claims asserted, a defendant's motion to dismiss must be denied. *See id.* at 556, 127 S. Ct. 1955.

When reviewing a motion to dismiss, the Court must accept the plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in favor of the plaintiff. *See Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012); *Miccosukee Tribe of Indians of Fla. v. S. Everglades Restoration All.*, 304 F.3d 1076, 1084 (11th Cir. 2002); *AXA Equitable*

*Life Ins. Co. v. Infinity Fin. Grp., LLC*, 608 F. Supp. 2d 1349, 1353 (S.D. Fla. 2009) ("On a motion to dismiss, the complaint is construed in the light most favorable to the non-moving party, and all facts alleged by the non-moving party are accepted as true."); *Iqbal*, 556 U.S. at 678, 129 S. Ct. 1937.

### III.   DISCUSSION

In cases involving alleged torts "committed aboard a ship sailing in navigable waters," the applicable substantive law is general maritime law, the rules of which are developed by the federal courts. *Keefe v. Bahama Cruise Line, Inc.*, 867 F.2d 1318, 1320 (11th Cir. 1989) (citing *Kermarec v. Compagnie Generale Transatlantique*, 358 U.S. 625, 628, 79 S. Ct. 406, 3 L. Ed. 2d 550 (1959)); *see also Everett v. Carnival Cruise Lines*, 912 F.2d 1355, 1358 (11th Cir. 1990) ("Because this is a maritime tort, federal admiralty law should control. Even when the parties allege diversity of citizenship as the basis of the federal court's jurisdiction (as they did in this case), if the injury occurred on navigable waters, federal maritime law governs the substantive issues in the case."). In the absence of well-developed maritime law, courts may supplement the maritime law with general common law and state law principles. *See Smolnikar v. Royal Caribbean Cruises, Ltd.*, 787 F. Supp. 2d 1308, 1315 (S.D. Fla. 2011).

#### A.  Notice

Defendant argues that the Complaint contains conclusory allegations and lacks sufficient facts to adequately allege notice. Plaintiff responds that the allegations in the Complaint, including fourteen (14) prior and substantially similar incidents, are sufficient to allege both actual and constructive notice.

"To prevail on a negligence claim, a plaintiff must show that '(1) the defendant had a duty to protect the plaintiff from a particular injury, (2) the defendant breached that duty, (3) the breach

actually and proximately caused the plaintiff's injury, and (4) the plaintiff suffered actual harm.'" *Guevara v. NCL (Bahamas) Ltd.*, 920 F.3d 710, 720 (11th Cir. 2019) (quoting *Chaparro*, 693 F.3d at 1336). "[T]he benchmark against which a shipowner's behavior must be measured is ordinary reasonable care under the circumstances, a standard which requires, as a prerequisite to imposing liability, that the carrier have had actual or constructive notice of the risk-creating condition . . . ."). *Keefe*, 67 F.2d at 1322. A defendant has actual notice when the "defendant knows of the risk creating condition" and has constructive notice "when a dangerous condition has existed for such a period of time that the shipowner must have known the condition was present and thus would have been invited to correct it." *Bujarski v. NCL (Bahamas) Ltd.*, 209 F. Supp. 3d 1248, 1250-51 (S.D. Fla. 2016).

      **i.  Actual Notice**

Defendant contends that the allegations regarding notice are mere generalizations and speculation. Plaintiff responds that the Complaint contains sufficient facts to provide a reasonable inference that Carnival had actual and constructive notice of the dangerous condition. First, Plaintiff contends that Defendant had actual notice of the dangerous condition because the area where Plaintiff fell had been closed for repairs or maintenance that day, likening this case to *Green v. Carnival Corporation*, --- F. Supp. 3d ----, 2022 WL 2702789, at *3-4 (S.D. Fla. July 12, 2022). Defendant replies that *Green* is distinguishable because Plaintiff alleges only that the subject stairs were closed for some type of unspecified maintenance, while in *Green* "[t]his Court relied on the fact that Carnival's crewmember attempted to rectify the alleged dangerous condition at issue as a basis for establishing notice." ECF No. [18] at 3. Defendant therefore argues that the allegations are insufficient with respect to actual notice.

The Court disagrees. In the Complaint, Plaintiff alleges that "[e]arlier that same day, Carnival Crew Members were in the area working on the subject staircase performing repairs to the staircase and the staircase was closed during this time." ECF No. [1] ¶ 15. Thus, although Plaintiff does not allege that repairs were being made to the metal plate specifically, the allegation that the very area of the staircase where Plaintiff fell was closed for repairs the same day Plaintiff fell is sufficient regarding actual notice. Defendant contends that the Court should require allegations regarding the type of maintenance being performed and the temporal relationship between the maintenance and Plaintiff's incident, because otherwise it is not clear whether the maintenance is related to the alleged dangerous condition. But in doing so, the Court would effectively impose a heightened pleading standard which is not required. For purposes of a 12(b)(6) motion, the Court must accept Plaintiff's allegations as true and draw plausible inferences in Plaintiff's favor. Here, the allegations are sufficient.

    **ii. Constructive Notice**

The Complaint sufficiently alleges constructive notice. In arguing that the allegations are insufficient, Defendant relies primarily upon *Newbauer v. Carnival Corporation*, No. 20-23757-Civ-Scola, 2021 WL 723164, at *2-3 (S.D. Fla. Feb. 23, 2021) and *Holland v. Carnival Corporation*, No. 20-21789-Civ-Scola, 2021 WL 86877, at *2-3 (S.D. Fla. Jan. 11, 2021). Plaintiff responds that the allegations regarding prior substantially similar incidents, failure to take corrective measures, and Carnival's violation of industry standards are sufficient to establish constructive notice.

Upon review, the Court finds that the Complaint's allegations are not generalized or conclusory as in *Newbauer* and *Holland*. In *Newbauer*, the plaintiff slipped on a wet, slippery substance on the Lido Deck of the vessel near the Red Frog Bar. 2021 WL 723164, at *1. The

allegations regarding notice included only that the area where the plaintiff slipped and fell was a "high traffic dining area," or in the alternative, that the defendant was on notice "because of the regular and frequently recurring nature of the hazard in that area." *Id*. In *Holland*, the plaintiff alleged that the defendant was on notice "because the glass stairs where the Plaintiff slipped are one of the most highly trafficked areas of the ship which are flanked by shops that had been staffed for four hours or more by dozens of employees who have unobstructed views of the stairs." 2021 WL 86877, at *1 (quotations omitted). The plaintiff in *Holland* also stated that the defendant was on notice due to "frequent spills on the staircase, a fact that Carnival is aware of due to the frequent nature of prior slip and fall incidents on this staircase." *Id*. (alteration omitted).

However, contrary to the general allegations in *Newbauer* and *Holland*, the Complaint here contains specific allegations regarding Carnival's constructive notice of the dangerous condition of the stairs where Plaintiff fell. As the Court previously points out, the Complaint alleges that Defendant's crew members were in the area performing repairs to the subject staircase the same day Plaintiff fell. ECF No. [1] ¶ 15.

Moreover, the Complaint alleges numerous prior incidents of passenger injuries involving the metal nosing on stairs on Defendant's ships. *Id*. ¶ 23. "[A] plaintiff may establish constructive notice with evidence of substantially similar incidents in which conditions substantially similar to the occurrence in question must have caused the prior accident." *Cogburn v. Carnival Corp.*, No. 21-11579, 2022 WL 1215196, at *4 (11th Cir. Apr. 25, 2022) (citation and internal quotation marks omitted).[1] Defendant argues that the other alleged incidents relate to a different class of ships with

---

[1] Although *Cogburn* involved a review by the Eleventh Circuit of a district court's ruling on a motion for summary judgment, the case is instructive in establishing that prior substantially similar incidents can provide the basis for constructive notice. Indeed, if evidence of prior substantially similar incidents can provide the basis for constructive notice for summary judgment purposes, then logically, allegations of prior substantially similar incidents are sufficient to allege constructive notice to survive a motion to dismiss.

different designs, configurations, and layouts. However, whether the alleged incidents are in fact substantially similar as to give notice is an issue of fact, which the Court need not resolve at the dismissal stage. The allegations with respect to substantially similar incidents are sufficient to support an inference that Defendant had constructive notice.[2]

IV.   **CONCLUSION**

Accordingly, it is **ORDERED AND ADJUDGED** that the Motion, **ECF No. [8]**, is **DENIED**. Defendant shall file its Answer **no later than October 6, 2022**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on September 29, 2022.

_____
BETH BLOOM
UNITED STATES DISTRICT JUDGE

Copies to:

Counsel of Record

---

[2] Because the Court determines that the allegations regarding prior incidents are sufficient, the Court need not address whether the existence of Carnival's refurbishing team and Carnival's failure to follow policies and procedures also establish the requisite notice.